NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
**FILED**

NOV 0 9 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 06-CV-343-KSF

WALTER POWELL                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

RON BISHOP, ET AL.                                          DEFENDANTS

Walter Powell ("Powell"), an individual presently confined at the Federal Medical Center in Lexington, Kentucky, has filed a *pro se* civil rights action pursuant to 42 U.S.C. §1983. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## DISCUSSION

Powell alleges that upon his arrival at the Fayette County Detention Center on or after October 19, 2004, Defendants placed him in a standard cell notwithstanding the fact that he is a T-10 paraplegic. Powell alleges that he was not provided with medical care and equipment required to address his medical status, and on November 15, 2004, he injured himself because of inadequate accommodations. Powell alleges that the defendants' conduct violated his right under the Eighth

Amendment to the Constitution of the United States to be free from cruel and unusual punishments by exhibiting deliberate indifference to his serious medical needs.

Powell's complaint must be dismissed with prejudice as barred by the statute of limitations. Because 42 U.S.C. §1983 does not supply its own statute of limitations, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). The applicable statute is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Because all of the defendants' conduct alleged in the complaint occurred in 2004, Powell waited more than one year after his claims accrued before filing his complaint. It must therefore be dismissed as time-barred.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

(2      The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the _____ day of November, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE

2